IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 02-074T |
| | ) | |
| DANIEL SALAKO | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR MODIFICATION OF SUPERVISED RELEASE

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant United States Attorney, and hereby responds to the Defendant's Motion for Modification of Supervised Release.

TRAVEL

Defendant was indicted on August 21, 2002 with two counts involving fraudulent use of access devices. On October 30, 2002 he pled guilty to the Indictment. This Court sentenced defendant to 18 months imprisonment and 2 years of supervised release on March 14, 2003. Defendant completed his term of imprisonment on July 28, 2004 and then began his term of supervised release. It is scheduled to be completed this summer.

On March 1, 2006, defendant admitted to his Probation Officer, David Borrelli, that he had failed to disclose this

conviction when he applied for his job with the Judge Rottenberg Center. Defendant also admitted that his employer had asked about any criminal history during the application process. The Center provides assistance to disabled youth. Mr. Borrelli directed defendant to disclose his conviction on the instant charges to his employer before April 1, 2006. Salako told Mr. Borrelli that he would seek other employment immediately. This motion followed. On April 3, 2006, Mr. Borrelli attempted to see defendant in order to determine whether he had complied with the directive to inform his current employer of his criminal history. Salako would not meet with Mr. Borrelli at that time. On April 4, 2006, Mr. Borrelli was able to meet with defendant. Salako told Mr. Borrelli he had not informed his employee as directed and that he would be discontinuing work on April 4th.

ARGUMENT

Defendant's claim that he has complied with all terms of his supervised release is incorrect. Salako obtained employment with the Judge Rottenberg Center, a facility in Canton, Massachusetts which involves work with impaired children. On March 1, 2006, when questioned by his Probation Officer, David Borrelli, defendant admitted he had not disclosed his felony conviction in the instant case when he applied for the job with the Center. Defendant was instructed to disclose that conviction to his employers no later than April 1, 2006. He failed to do as

directed. Salako has thus violated two conditions of his supervised release; he failed to inform his employer of his criminal status thereby providing false information in order to be hired; and he failed to follow the directive of his Probation Officer to so inform his employer.

For defendant to come before this Court and claim compliance to a degree that he should have his sentence of supervised release reduced to time served is disingenuous at best. Defendant has, through counsel, made a material misrepresentation to the Court of his conduct and his status.

CONCLUSION

For all of the foregoing reasons, the Motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHANIE S. BROWNE
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 6th day of April, 2006, I mailed a true copy of the Government's Response to Defendant's Motion for Modification of Supervised Release, ordinary mail and postage prepaid, to:

Joseph L. DeCaporale
400 Reservoir Avenue
Suite G
Providence, RI 02907

Paula Harvey